**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-02863

AMY EITZEL,
Plaintiff

v.

FLIGHTSAFETY SERVICES CORPORATION, a Delaware corporation,
Defendant.

---

## COMPLAINT AND JURY DEMAND

---

COMES NOW the Plaintiff, Amy Eitzel ("Ms. Eitzel"), by and through her attorneys, Miller & Law, PC, and for her Complaint against the Defendant, FlightSafety Services Corporation ("Defendant" or "FSSC"), states as follows:

## NATURE OF THE ACTION

This action is brought to redress the Defendant's violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621-634 (the "ADEA"). Specifically, Plaintiff, who is 61 years old, alleges that Defendant engaged in unlawful employment practices on the basis of her age by terminating her employment in violation of the ADEA.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 451, 1331, 1337 and 1343. This action is authorized and instituted pursuant to the ADEA. The unlawful employment practices alleged herein were committed within the jurisdictional boundaries of the United States District Court for the District of Colorado and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

## ADMINISTRATIVE PREREQUISTIES

2. Prior to filing this Complaint, Plaintiff complied with all procedural prerequisites for bringing this lawsuit. On or about September 26, 2018, less than 300 days after her May 4, 2018 termination from FSSC, Plaintiff timely filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

3. Plaintiff was issued a Notice of Right to Sue by the EEOC dated Tuesday, July 9, 2019, which she received on Thursday, July 11, 2019.

4. As this Complaint has been filed within 90-day period following Plaintiff's receipt of the Notice of Right to Sue, Plaintiff has satisfied all procedural prerequisites for suing Defendant in federal court under 42 U.S.C. §2000e-5(f)(1).

## PARTIES

5. Plaintiff Amy Eitzel ("Plaintiff" or "Ms. Eitzel") is an individual resident of Colorado with a residential address of 5946 W. Long Drive, Littleton, CO 80123.

6. Defendant FlightSafety Services Corporation ("FSSC") is a Delaware corporation that is registered to do business in Colorado, with a principal office located at 10770 East Briarwood Avenue, Suite 100, Centennial, CO 80112-3807.

7. At all relevant times, Defendant has continuously had at least 20 employees.

8. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## GENERAL ALLEGATIONS

9. Ms. Eitzel is 61 years old.

10. Ms. Eitzel was hired at FSSC in November 1993 as a payroll clerk.

11. On May 2, 2018 FSSC terminated Ms. Eitzel's employment, just six months shy of

her 25-year anniversary at the company and just two days after her 60th birthday; the termination was effective on May 4, 2018.

12. At the time of her termination, Ms. Eitzel had held the position of Manager of Payroll & A/P for FSSC for almost 18 years.

13. Ms. Eitzel was adequately performing her duties for FSSC at the time of the termination; in fact, she had excelled in her role as Manager of Payroll & A/P.

14. On April 26, 2018 an employee meeting was held at FSSC, during which FSSC's Director of Finance, Richard Alan Cervanyk, announced that, due to budget cuts, the company would be laying off fifteen (15) employees, and that FSSC was "looking for volunteers, particularly those employees who are at or near retirement age."

15. The company's stated acknowledgment that it was seeking "volunteers" for termination who were at or near "retirement age" perfectly foretold the ages of those employees – including Ms. Eitzel – who subsequently were selected for involuntary termination by FSSC.

16. FSSC's purported rationale for the termination is merely a pretext for its discrimination against Ms. Eitzel.

17. Upon information and belief, the actual reason that FSSC terminated Ms. Eitzel's employment was her age.

18. Ms. Eitzel was among a group of employees selected by FSSC for involuntary termination in connection with the April 2018 budget cuts, a group which, on information and belief, included the following employees:

  a. A female Program Administrator (J.T.), age 69 – 70, who had worked for FSSC for approximately 30 years;

  b. A female Program Administrator (K.R.), age 59;

  c. A female IT Help Desk employee (K.D.), age 67, who had worked for FSSC for

      approximately 20 years;

  d. A female Accounting Specialist (T.L.), age 63, who had worked for FSSC for approximately 12 years; and

  e. A male employee (E.C.), who on information and belief was in his mid-60's.

19. Notwithstanding FSSC's assertions that the layoffs affected young and old employees alike, on information and belief, the average age of those employees who were involuntarily laid off by FSSC in connection with the April 2018 budget cuts was almost 64 years old.

20. On information and belief, FSSC targeted its oldest employees for involuntary termination.

21. On information and belief, two of the employees who were part of the layoffs (S.B. and R.R.), both of whom were in their 30's, had already submitted their resignation notices prior to the April 26, 2018 layoff announcement.

22. On information and belief, another employee who was part of the layoffs, a male employee who was in his early-to-mid 20's (K.F.), volunteered to resign.

23. On information and belief, a fourth employee who was part of the layoffs, believed to be in his late 30's or early 40's (M.C.), had already been targeted by FSSC management as a candidate for termination based on poor performance, in advance of the April 26, 2018 layoff announcement.

24. On information and belief, the majority of the group of employees who were chosen by FSSC for involuntary layoff pursuant to the April 2018 budget cuts were at or near retirement age, which was precisely what Mr. Cervanyk's April 26, 2018 remark suggested would occur.

25. Any asserted innocence by FSSC in connection with the layoffs is further undercut by the ages and performance levels of those employees who avoided involuntary termination.

26. In the wake of Ms. Eitzel's termination, FSSC made the pretextual assertion that "Ms. Eitzel's position was eliminated largely because the Director of Finance and Controller were able to absorb all duties formally performed in her position;" those duties in fact were divided among seven employees, including Mr. Cervanyk and two other Finance Managers (J.S. and J.H.), all of whom are younger than Ms. Eitzel, and two of whom are at least five to ten years younger.

27. Conversely, Ms. Eitzel, who had been with the company almost twice as long as J.H., could have easily absorbed his duties had this factor actually been considered by FSSC in connection with the layoffs.

28. FSSC's decision to replace Ms. Eitzel – on a partial basis or otherwise - with a younger, far less experienced employee reflects the lack of merit in its purported consideration of job absorption, as does its subsequent posting of some of Ms. Eitzel's former job responsibilities through a newly-created position of "Labor Relations Manager," as of August 15, 2018.

29. In the wake of Ms. Eitzel's termination, FSSC also retroactively called into question Ms. Eitzel's workload, despite having never once raised this concern with her during her employment.

30. A few months short of her quarter-century anniversary with the company, Ms. Eitzel's stellar career at FSSC thus came to an abrupt and inequitable end.

## CLAIM FOR RELIEF
**Intentional Discrimination Based on Age in Violation of the ADEA, 29 U.S.C. §§ 623(a)(1)**

31. Plaintiff incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

32. Plaintiff satisfactorily performed the functions and requirements of her job at all times relevant to this Complaint.

33. Defendant, either directly or by and through its agents, discriminated against Plaintiff because of her age.

34. Age is not a bona fide occupational qualification for the position most recently held by Plaintiff at FSSC.

35. In connection with the budget cuts that it accounted on April 26, 2018, Defendant engaged in an intentional and systematic policy, pattern, and/or practice of discrimination against Plaintiff and others who were among FSSC's oldest employees, and who were far above age 40, in violation of the ADEA.

36. The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment as is prohibited by 29 U.S.C. § 623(a)(1).

37. Defendant's unlawful employment practices include, without limitation, its termination of the Plaintiff's employment, all of which denied Plaintiff equal terms and conditions of employment and otherwise adversely affected her employment status because of her age.

38. Defendant is liable for the acts and/or omissions of its agents and employees.

39. Defendant's unlawful employment practices complained of in the foregoing paragraphs were undertaken intentionally, maliciously, and/or with reckless indifference to Plaintiff's federally protected rights.

40. As a direct result of FSSC's discriminatory policy, pattern, and/or practice against its oldest employees as described above, Plaintiff has suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against the Defendant, and award her the following relief, to the fullest extent allowed by law:

i. Actual monetary damages for all injuries suffered by Plaintiff in an amount to be determined at trial, including but not limited to, damages for lost past and future wages and employment benefits;
ii. Liquidated damages on her ADEA claim in an amount to be determined at trial;
iii. Attorneys' fees and the costs associated with this action, including expert witness fees, on all claims allowed by law;
iv. Pre- and post-judgment interest at the highest lawful rate; and
v. Any further relief that this court deems just and proper, and any other relief as allowed by law.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 7th day of October 2019.

MILLER & LAW, PC

**/s/ David J. Meretta**
David J. Meretta, No. 44409
1900 W. Littleton Blvd.
Littleton, CO 80120
(303) 722-6500
(303) 722-9270 fax
djm@millerandlaw.com

ATTORNEYS FOR PLAINTIFF